UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES SIDNEY WAITES, | ) | CASE NO. 1:06 CV 2571 |
| Petitioner, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | MEMORANDUM OF OPINION |
| ROB JEFFREYS, | ) | AND ORDER |
| Respondent. | ) ) | |

On October 24, 2006, petitioner pro se James Sidney Waites filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Waites, who is incarcerated at the North Central Correctional Institution, alleges that he has been denied "reasonable and proper medical care."

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Young v. Martin, No. 02-2518, 83 Fed.Appx. 107, 109 (Dec. 5, 2003); Okoro v. Scibana, No. 1322, 1999 WL 1252871 (6th Cir. Dec. 15, 1999). Further, to the extent petitioner seeks relief other than release, the appropriate

action would be to file a civil rights complaint.[1]

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing 2254 cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 12/11/06*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] In order to file a civil rights action, petitioner would be required either to pay the $350 filing fee or to file a prisoner account statement so that the court would have sufficient financial information to assess and collect the filing fee. 28 U.S.C. § 1915; McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).